UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-104-DLB-EBA

TEFFANY SMITH                                                                                   PLAINTIFF

v.            **MEMORANDUM ORDER
ADOPTING REPORT AND RECOMMENDATION**

ST. CLAIRE HEALTHCARE                                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the December 4, 2025, Report and Recommendation ("R&R") of Magistrate Judge Edward B. Atkins (Doc. # 48), wherein he recommends that the Court grant Defendant's Motion to Enforce the settlement agreement (Doc. # 42). Plaintiff filed her Objections to the R&R (Doc. # 49), Defendant filed its Response (Doc. # 51), and the R&R is now ripe for the Court's consideration. For the following reasons, Plaintiff's Objections are **overruled**, the R&R is **adopted** as the Opinion of the Court, and Defendant's Motion is **granted**.

I.      FACTUAL BACKGROUND

Plaintiff was employed by Defendant, St. Claire Healthcare, as a phlebotomist for approximately two years, during which, she worked through the Covid-19 pandemic. (Doc. # 44 at 2-4). Following the pandemic, Defendant implemented a vaccine mandate for its employees. (Doc. # 1 at 4-5). Defendant permitted employees an opportunity to be exempted from receiving the vaccine because of religious conflicts. (*Id*. at 5). Plaintiff submitted a request for an exemption, which was denied by Defendant. (*Id*.). Following

the denial, Plaintiff chose not to get the vaccine, and on September 15, 2021, was terminated. (*Id*. at 2). On November 23, 2022 Plaintiff filed a complaint in this Court, alleging that her termination violated federal and Kentucky statutes prohibiting discrimination on the basis of religion. (*See id*.).

On April 11, 2025, the parties attended mediation. (Doc. # 44 at 2). Following the mediation on April 15, 2025, the parties jointly filed a Notice of Settlement indicating that the matter had been resolved during mediation. (*See* Doc. # 31). Magistrate Judge Edward B. Atkins ordered the parties to file a proposed agreed order of dismissal. (Doc. # 32). However, before the order was filed, Plaintiff filed a motion seeking to restore the action to the Court's active docket and requesting the court enter a new Scheduling Order. (Doc. # 37). Judge Atkins granted that order on September 16, 2025. (Doc. # 38).

Following the entry of a new Scheduling Order, Plaintiff's attorney, Robert A. Winter, filed a Motion to Leave to withdraw as counsel (Doc. # 39). Judge Atkins set the matter for a hearing on October 9, 2025. (Doc. # 41). Prior to the hearing, Defendant filed a Motion to Enforce the settlement agreement (Doc. # 42). Plaintiff filed a Response in Opposition (Doc. # 44), and the Court took up both motions at the October 9, 2025 hearing. (*See* Doc. # 45). After the hearing, Judge Atkins took both motions under advisement. Judge Atkins issued his R&R on December 4, 2025 wherein he denied the Motion to Withdraw and recommended that Defendant's Motion to Enforce be granted. (Doc. # 48). Plaintiff submitted timely objections on December 18, 2025 (Doc. # 49), Defendant filed its Response (Doc. # 51) and the matter is now before the Court.

2

## II.  REPORT AND RECOMMENDATION

In his R&R, Judge Atkins began by noting that "[d]istrict courts enjoy 'broad, inherent authority to enforce' settlement agreements even when the agreement has not been reduced to writing." (Doc. # 48 at 4 (quoting *Chenault v. Randstad USA Mfg. & Logistics*, No. 5:18-cv-276-KKC, 2019 WL 2179211, at *4  (E.D. Ky. May 20, 2019))). As Judge Atkins stated, settlement agreements may be subject to summary enforcement if: (1) the court has subject matter jurisdiction over the controversy stemming from the settlement agreement; (2) the parties agreed on the material terms of the settlement; and (3) the agreement was clear and unambiguous, and no issue of fact is present.  (*Id*. (quoting *Chenault*, 2019 WL 2179211, at *4)).

As to the first element of *Chenault*, Judge Atkins concluded that because the Court has federal question jurisdiction over Count I and exercised supplemental jurisdiction over Count II, the Court has subject matter jurisdiction over the underlying case.  (*Id*.).  Judge Atkins next addressed whether the parties agreed on the material terms of the settlement. Judge Atkins first discussed Plaintiff's argument that the settlement agreement had not been signed by parties.  (*Id*. at 5).  Judge Atkins observed that while the settlement agreement has not been signed by the parties, "case law in Kentucky is clear that 'the fact that a compromise agreement is verbal and not yet reduced to writing does not make it any less binding." (*Id*. at 5 (quoting *Beams v. New Hart Cnty. Health Care, LLC*, No. 2012-CA-000581-MR, 2013 WL 1868078, at *3 (Ky. Ct. App. 2013))). Thus, Judge Atkins concluded that "[i]f all other elements of a contract are met, the fact that the parties did not sign the settlement agreement has no bearing on its enforceability." (*Id*. at 5-6).

3

Judge Atkins then observed that, as to the second *Chenault* element, Plaintiff's "only remaining argument is that an agreement was not met because there was no meeting of the minds regarding the future employment clause." (*Id*. at 6). As noted by Judge Atkins, mutual assent, is "determined by the parties' objective manifestation of agreement, as opposed to subjective, unexpressed intentions, or mental reservations of the parties." (*Id*. (citing *Hurst v. Greer*, No. 2017-CA-001369-MR, 2018 WL 4847078, at * 3 (Ky. Ct. App. Oct. 5, 2018))). In concluding that mutual assent was met in this case Judge Atkins found that after changes requested by Plaintiff were made to the settlement, Plaintiff's attorney replied via email, making no changes to the future employment clause, and stating "[i]f the lawyers are in agreement, please send me a final Word and pdf version of [Plaintiff] to sign." (Doc. # 48 at 6-7 (quoting Doc. # 42-4 at 3)).

Additionally, Judge Atkins addressed Plaintiff's argument that she is being "blacklisted" from all University of Kentucky jobs, despite the future employment clause permitting her to seek employment at University of Kentucky facilities. (*Id*. at 7). Judge Atkins concluded that the argument has no merit, noting that: (1) Plaintiff provided no proof to her allegations; and (2) the question before this Court is whether an enforceable settlement agreement was reached and Plaintiff's "new allegations do 'not supersede outward expressions of assent or override objective and unequivocal manifestations of assent to terms of the settlement agreement.'" (*Id*. (quoting *Snowden v. City of Wilmore*, 412 S.W.3d 195, 207 (Ky. Ct. App. 2013))). Therefore, Judge Atkins concluded that the parties agreed to all material terms of the settlement agreement. (*Id*.).

Finally, Judge Atkins addressed whether the agreement was clear and unambiguous. In concluding that it is, Judge Atkins stated "there is only one disputed

4

portion of the settlement agreement, the future employment clause. However, there is no dispute about the meaning of that clause. Both parties agree that the clause only restricts [Plaintiff] from seeking employment at St. Claire, not all University of Kentucky facilities." (*Id*. at 8).  In finding that all three *Chenault* factors were met, Judge Atkins recommended that the Court enforce the settlement agreement.  (*Id*.).

## III. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted).  Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001).  "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

B.  **Defendant's Objections**

Plaintiff objects to Judge Atkins recommendation, arguing that "[b]ecause the parties failed to reach a mutual understanding as to an obviously essential term of Future Employment, no meeting of the minds occurred between [Plaintiff] and [Defendant] and, therefore, an agreement was not formed." (Doc. # 49 at 12).[1]  Thus, Plaintiff is objecting solely to Judge Atkins's conclusion on factor two of the *Chenault* test.

As a preliminary matter, nearly four pages of Plaintiff's Objections are identical to her Memorandum in Opposition to Defendant's Motion to Enforce. (*Compare* Doc. # 44 at 2-7, *with* Doc. # 49 at 3-10).  The Court declines to address any of the arguments included in those copied paragraphs.  *See Vanover*, 2017 WL 1356328, at *1 (an objection that "simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *VanDiver,* 304 F. Supp. 2d at 938)).

The remainder of Plaintiff's objections seem to hinge on the fact that because she believes she has been blacklisted from University of Kentucky employment opportunities, there was no real meeting of the minds. (*See* Doc. # 49).  Plaintiff argues that "[b]y their actions, [Plaintiff] and [Defendant] have different version of the restrictions on her future employment opportunities."  (*Id*. at 10).  These actions, she claims are "informal, unwritten, but good olde fashion blacklisting."  (*Id*.).  This argument was previously

---

[1]  It is initially stated by Plaintiff that the Motion to Enforce should be denied "because there was no agreement on the Future Employment term of the settlement and the agreement about that term was not clear and unambiguous." (Doc. # 49 at 1).  However, Plaintiff makes no further attempt to elaborate why she believes the term is ambiguous.  Therefore, the Court will address only the question of whether there was a meeting of the minds.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284-293-94 (1st Cir. 1995))).

6

address by Judge Atkins, who concluded that Plaintiff had provided no proof of her allegations that she is being blacklisted. (Doc. # 48 at 7).

To further support her blacklisting argument, Plaintiff merely submits her sworn testimony from the hearing on this motion. (*See* Doc. # 49 at 11). This is testimony that Judge Atkins would have been present for and considered in his R&R. This alone would be grounds to overrule the objection. However, even looking at the merits of Plaintiff's argument, the Court agrees with Judge Atkins that Plaintiff simply has not provided enough proof to show that the parties did not have a mutual understanding of the term. In fact, Plaintiff's only evidence is that she has (1) seen blacklisting happen to other candidates in the past; (2) she was not offered a position she applied and was qualified for; and (3) that rejection came the day after the final version of the settlement agreement was emailed to her. (*Id*.). None of these arguments, independent or in the aggregate, are proof that she is being blacklisted.

First, Plaintiff's assertion that she has seen blacklisting happen before has no impact on whether it may be occurring at the University of Kentucky's King's Daughters Hospital. Moreover, her assertion that she was qualified and that the website said her application was under review but was denied the day after the settlement agreement does nothing to support her argument. The settlement agreement merely stated that she was not permitted to apply to a position with St. Claire Medical Center. (Doc. # 47-2 at 7). The Court is unable to find anywhere in the settlement agreement where it states she would be guaranteed a position at any other University of Kentucky facility if she merely applied. Many, if not all, people who have sought employment in their life have experienced a situation where they were qualified for a position but nevertheless were

7

not offered the job. To argue that this very common event was the result of blacklisting, without more evidence, is nonsensical. Accordingly, because Plaintiff's objection to the conclusion that the parties had reached a mutual agreement rests entirely on her theory of blacklisting, and because this Court rejects that argument, Plaintiff's objections are **overruled**.[2]

IV. **CONCLUSION**

For the above reasons, **IT IS ORDERED** as follows:

(1) The Report and Recommendation ("R&R") of Magistrate Judge Edward B. Atkins (Doc. # 48) is **ADOPTED as the Opinion of the Court**;

(2) Plaintiff Teffany Smith's Objections to the R&R (Doc. # 49) are **OVERRULED**;

(3) Defendant's Motion to Enforce the Settlement Agreement (Doc. # 42) is **GRANTED**; and

(4) The Court will enter a corresponding Judgment with this Order.

This 26th day of February, 2026.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2022\22-104 Order Adopting R&R w objections .docx

---

[2] Plaintiff additionally states that she disagrees with the conclusion that the agreement was viable despite there being no signature. (Doc. # 49 at 10). She states that it was her position that there would be no settlement agreement until it was signed. (*Id.*). This was yet again discussed by Judge Atkins, who noted that Kentucky case law is clear that a verbal compromise agreement that has finalized all substantial terms of a contract, is not any less binding merely because the parties have not yet signed the agreement. (Doc. # 48 at 5). This objection is therefore **overruled**.